FILED
U.S. DISTRICT COURT

2012 DEC 10  PM 4:59

S.D. OF N.Y.AR.

In the UNITED STATES DISTRICT COURT
For the SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

PNC BANK, N.A., successor in interest to
NATIONAL CITY BANK

~~Petitioner,~~
Defendants

**12 CV    8974**

PETITION FOR
REMOVAL

- against -

Civil Action No.:_____

ANTHONY BISIGNANO, JR., ANTHONY
BISIGNANO, III, ANN MARIE BISIGNANO,
KEITH BISIGNANO, TRISTA BISIGNANO,
VICTORIA BISIGNANO, AMANDA BISIGNANO
and JOHN DOE and JANE DOE, the last two names
being fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in,
or lien upon the premises described in the petition.

~~Respondent~~
plaintiffs

----------------------------------------------------------X

   Respondent Keith Bisignano, *Pro Se*, hereby file a Notice of Removal of this case from the

Supreme Court of the State of New York, County of Westchester, in which petitioner

commenced this action, to the United States District Court for the Southern District of New

York, and aver as follows:

   1. Petitioner PNC Bank, Inc. Commenced this action by filing a Notice of Petition on or

about July 05, 2012 (the " Action").

1

2. Upon information and belief, petitioner purported to serve respondent Keith Bisignano, with a Notice of Petition and Petition on or about July 14, 2012, though Respondent intends to challenge the sufficiency of process upon Respondent, Keith Bisignano. A copy of the Notice of Petition and Hold-Over Petition is annexed hereto as Exhibit A, and incorporated herein by reference.

3. A significant portion of the dispute is one where the United States District Court has original jurisdiction.

4. A significant portion of the dispute violates15 USC section 1601,15 USC section 1691, 15 USC section 1692, *et. seq.,* 42 U.S.C. section 5301, the Defendants' constitutionally protected rights, and Federal Laws where the United States District Court has original jurisdiction.

5. The Action is one of a civil nature brought on pursuant to Real Property Actions and Procedure Law of the State of New York to terminate the respondents *alleged* tenancy, seeking possession of real property and a judgment of eviction, and monetary damages, and

6. The Action is one of a civil nature brought on pursuant to New York's Real Property Actions and Procedure Law ( " RPAPL " ),Real Property Law ( " RPL " ) and the Fair Debt Collections Practices Act, 15 USC section 1692 related to the Plaintiffs' filing of an action to foreclose a mortgage on real property, evict tenants in violation of the Protecting Tenants at Foreclosure Act of 2009 and, to collect an alleged debt from Defendants, among other things, seeking to improperly and unlawfully collect an *alleged* " debt " in violation of the Fair Debt Collections Practices Act, 15 USC section 1692, *et. seq., inter alia.*

2

7.To the extent that the Action is also based upon the New York Real Property Actions and Procedure Law and other state claims, this Court has supplemental jurisdiction thereof.

8.This Court is the proper venue for this action pursuant to 28 U.S.C. section 1441(a) as the Supreme Court of the State of New York, County of Westchester and State of New York, where the petitioner commenced the Action, is located in the Southern District of New York

9. The Action is removable from the Supreme Court of the State of New York, County of Westchester to this Court pursuant to 28 U.S.C. section(s) 1343, 1441, 1443, 1446, 42 U.S.C. section 1983, The Fair Debt Collections Practices Act, 15 U.S.C. section 1692, *et. seq.*, and the Protecting Tenants at Foreclosure Act of 2009, 42 U.S.C. section 5301 codified at Title VII, because:

(i) There is a pending litigation in the United States District Court for the Southern District of New York ( Case No.: 12-CV-8785) which addresses the Petitioner's violations of the Fair Debt Collections Practices Act, 15 USC section 1692, for commencing the State Court litigation against the Respondents and, as such, confers jurisdiction under 28 USC section 1441.

(ii) The State Court litigation and the Federal litigation involve common questions of law and fact. Accordingly, to preserve consistent outcomes and in the interest of judicial economy removal of the State case to Federal court is proper and just.

3

(iii) Petitioner failed to give the FDCPA's "Notices" which were required in their efforts to collect an alleged "debt" from Respondent in the State Court action. The Petitioner's failure to give 'notice' within the meaning of the FDCPA was an essential element of the claim and justifying removal.

(iv) Respondent Anthony J. Bisignano Jr. entered into a " mortgage " and " mortgage note " with National City Bank, (upon information and belief, *a federally regulated bank* ) on or about December, 2004, whereas, National City Bank would provide mortgage financing.

(v) Petitioner PNC Bank, has attempted to collect " a debt " from Respondent although no proper assignment of the " mortgage note " has been filed with the Clerk of Westchester County. Petitioner has not proved that is the legal owner or holder of the mortgage note and/or its right to payment.

(vi)  In 2006, the Petitioner improperly and unlawfully commenced legal action to foreclose a mortgage and collect an alleged debt from Respondent Anthony J. Bisignano, Jr., although there has been no lawful, legal, or otherwise proper assignment of the " mortgage note " to Plaintiff and/or assignment filed within the Westchester County Clerk's Office and/or maintained within their records. Moreover, the Petitioner has commenced this action in violation of an Order of the Supreme Court staying the foreclosure proceedings and any and all action to remove respondent or any other parties in possession from the premises.

4

(vii) Plaintiff sought to terminate Respondent-Bisignano's " contract rights"

and foreclose a mortgage and was motivated to file ( " the Action ") based upon the following:

(a) Defendants previous demands to verify the debt; demands to prove ownership of the debt;

demand for production of the *original* mortgage note and reasons and statements in violation of

Respondent Bisignano's constitutionally protected rights; (b) in violation of the Fair Debt

Collections Practices Act, 15 USC section 1692, *et. seq.*, (c) for Respondent Bisignano's seeking

redress of grievances, (d) for Respondent Bisignano's seeking redress for Plaintiffs' violations of

Federal Laws including, but not limited to The Truth In Lending Act (TILA), The Real Estate

Settlement Practices Act( RESPA) and Fair Debt Collections Practices Act, demand for

production of the *original* mortgage note, and(e) demand to prove right to payment, and (f)

among other things.

(viii)  Prosecuting " the Action " under State Laws when the subject matter is

within the purview of the Fair Debt Collections Practices Act and the Protecting Tenants At

Foreclosure Act would permit infringement upon Respondent Bisignano's Federal Rights as

guaranteed [him] by the United States Constitution.;

(ix) Plaintiffs legal action acts in violation of 15 USC section 1692e as it *is false,*

deceptive, misleading, (b) is falsely represents the character, amount and legal status of the

alleged debt, among other things.

(x) Plaintiffs unfair practices act in violation of 15 USC section 1692f.

(xi) Plaintiffs have violated the " notice " requirements of 15 USC section 1692g.

(xii) Plaintiffs have acted in violation of 15 USC section 1692d.

5

(xiii) Plaintiffs ( " on the face of the complaint " ) set forth that the " Action " is an action in " debt collection ". *Id.* Notice and Wherefore Clauses(s) of the Petition - Exhibit "A". Respondents Federal Complaint is annexed hereto as Exhibit "B".

(xiv) Plaintiffs' filing of the " Action " and attempt to improperly use 'state procedure ' against Respondent Bisignano violates the Strauder-Rives doctrine because: (i) being forced to defend the State suit manifests a violation of Bisignano's federal rights, and (ii) because the federal rights at issue prohibit the act of filing the suit, and (iii) the mere existence of the State suit is violative of Respondent Bisignano's constitutionally protected rights.;

(xv) The State Courts' action in rendering a determination in " the Action " would be a denial of Respondent Bisignano's constitutionally protected right to Equal Protection of laws as secured to him by the 14th. Amendment to the United States Constitution.;

(xvi) Respondent Bisignano will be denied ' Due Process of Law " as guaranteed to him by the 14th. Amendment to the United States Constitution because the State " Action " under which he is being prosecuted has been stayed, is vague, and the prosecution is a sham and without evidentiary basis, *i.e.*, without production of the ***original*** mortgage note demonstrating that Plaintiff is the owner and/or holder of the note, (b) has standing to maintain the action, (c) enjoys the right and entitlement to payment;

(xvii) Plaintiff is attempting to collect an *alleged* debt in a manner that is violative of the Fair Collection Practices Act, 15 USC section 1601, 1692 *et seq., inter alia.*;

6

(xviii) Petitioner attempting to evict tenants-occupants is violative of the Protecting Tenants At Foreclosure Act of 2009, 42 U.S.C. section 5301, codified at Title VII;

(xix.) The plaintiffs motives and reasons for initiating the action violate the respondents constitutionally protected rights which are exclusively the province of the Federal Courts;

(xx.)  Subject matter jurisdiction over this action also derives from 28 U.S.C. section 1343, *inter alia.* Injunctive relief is authorized under 42 U.S.C. section 1983.;

(xxi.) Section One of the 14th. Amendment prohibits the states from abridging privileges and immunities of citizens, taking life, liberty or property without due process, or

(xxii.) That the defendant is entitled under the due process clause of the 5th. and 14th. Amendments to notice of the cause of the proceeding, the plaintiff failed to do so.;

(xxiii.) Defendant has a constitutional right to be heard on the cause of these proceedings;

(xxiv.) Use of State ' procedure ' denies Defendant his right to ' due process' and equal protection of laws as guaranteed him under the United States Constitution.

(xxv.)  That all the afore-mentioned circumstances state a cause of action under the Civil Rights Act, 42 U.S.C. section 1981. 1982, 1983, and 1985, 15 USC section 1601, 1692, 42 USC section 2000-a, 42 U.S.C. section 5301, 29 USC section 621, *et. seq.,* and for other violations of Federal Law and constitutionally protected rights within the jurisdiction conferred by 28 U.S.C. section 1343, *inter alia;*

(xxvi) Defendant has been denied access to the State Courts for redress. Despite his numerous attempts to do so. All in violation of Defendants' First Amendment rights as secured to him by the United States Constitution.

(xxiv) Respondent maintains a Federal Common Law Lien and Writ of Attachment upon the subject real property which is superior to any claimed lien and rights of petitioner.

(xxv.) The Article 7 proceedings, i.e., state action penalizing the respondent for the exercise of his 1 st Amendment Rights to file the afore-mentioned lawsuit and public complaints is violative of the respondents 5th. And 14th. Amendment rights;

(xxvi.) Section One of the 14th. Amendment prohibits the states from abridging privileges and immunities of citizens, taking life, liberty or property without due process, or denying equal protection of its laws to any person. Such as the retaliatory taking of judicial action in this matter;

(xxvii.) A retaliatory eviction, as attempted herein, constitutes a judicial enforcement of private discrimination, penalizing the respondent for exercising her constitutional rights;

(xxviii.) That the 14th. Amendment prohibits a state court from evicting a tenant when the overriding reason the landlord is seeking eviction is to retaliate against the tenant for an exercise of her constitutional rights;

(xxviv.) That the underlying eviction is designed to penalize respondent for the exercise of his constitutional rights;

8

(xxx.) That the respondent is entitled under the due process clause of the 5th. and 14th. Amendments to notice of the cause eviction, the petitioners failed to do so.

(xxxi.) Under the 1st. Amendment respondent is entitled to protection against an eviction based on retaliation;

(xxxii.) That in local eviction proceedings landlords are subject to provisions in federal laws intended for the protection of tenants;

(xxxiii.) Respondent has a right to be protected against retaliation for having engaged in constitutionally protected activities;

(xxxiv.) Respondent has a constitutional right to be heard on the cause of eviction;

(xxxv) That the action is one of ' ejectment ', thus, only properly brought in a court of ' plenary ' jurisdiction and jurisdiction was improperly placed within the Supreme Court of the State of New York, County of Westchester;

(xxxvi.) That all the afore-mentioned circumstances state a cause of action under the Civil Rights Act, 42 U.S.C. section 1983, within the jurisdiction conferred by 28 U.S.C. section 1343, *inter alia*;

10. There may be additional basis upon which 28 U.S.C. section 1343 jurisdiction might rest, *inter alia*;

11. Pursuant to 28 U.S.C. section 1446, *inter alia*, Respondent is giving Petitioner written notice of removal, and are filing a copy of this notice of removal with the Clerk of the Court, Supreme Court of the State of New York, County of Westchester.

9

12. Pursuant to 28 U.S.C. section 1446(d) also directs that the state court, upon receipt of notice of removal, to take no further action in a removal case. The state court may only re-acquire jurisdiction if the federal court remands one or more counts.

WHEREFORE, Respondent Keith Bisignano, respectfully requests that the above-referenced civil action filed in the Supreme Court of the State of New York, County of Westchester, be immediately removed to this Court.

Dated: Mamaroneck, New York
       December 10 , 2012.

                                        Respectfully Submitted,

                                        By: _____
                                            Keith Bisignano, *Pro Se*

                                        1112 Park Avenue
                                        Mamaroneck, New York 10543
                                        (914) 648-9500

10

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index # 60454/2012

-----------------------------------------------------------x

PNC BANK, N.A., successor in interest to
NATIONAL CITY BANK

                        Petitioner,

      -against-

ANTHONY BISIGNANO, JR., ANTHONY
BISIGNANO, III, ANN MARIE BISIGNANO,
KEITH BISIGNANO, TRISTA BISIGNANO,
VICTORIA BISIGNANO, AMANDA BISIGNANO
and JOHN DOE and JANE DOE, the last two names
being fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in,
or lien upon the premises described in the petition.

                    Respondents.

-----------------------------------------------------------x

**NOTICE OF
PETITION**

      **PLEASE TAKE NOTICE** that upon the Petition of PNC BANK, N.A., successor in

interest to NATIONAL CITY BANK, sworn to on April 16, 2012, and the exhibits annexed

hereto, the Petitioner will move this court at an IAS Part to be assigned to be held at the

Supreme Court of the State of New York, County of Westchester, located at 111 Dr. Martin

Luther King Jr. Blvd., White Plains, New York on the 25th day of July, 2012, at 9:30 a.m., or

as soon thereafter as counsel can be heard for an order pursuant to RPAPL Article 7 (1)

granting Petitioner a Judgment awarding possession of the Premises to the Petitioner and

awarding Petitioner the costs of this proceeding, (2) issuing a Warrant of Eviction directing

the Sheriff to remove the Respondents from the subject Premises and putting Petitioner in full

possession thereof, and (3) granting Petitioner a Judgment against Respondents for the fair

use and occupancy of the Premises and setting the matter down for inquest and for such other

and further relief as to the court may seem just and proper.

      **PLEASE TAKE FURTHER NOTICE** that failure by the Respondents to

interpose and establish any defense that they may have on the hearing date set forth

herein may preclude Respondents from asserting such defense or the claim upon which

it is based in any other proceeding or action.

PLEASE TAKE FURTHER NOTICE that failure to appear and answer may

result in a final judgment by default for the Petitioner evicting the Respondents from

the Premises and ordering Respondents to pay Petitioner the fair value of the use and

occupancy of the Premises by Respondents.

Dated: April 16, 2012
White Plains, NY

P.C.

THE STUTTMAN LAW GROUP,
Dennis D. Murphy
Attorney for the Petitioner
44 South Broadway, Suite 402
White Plains, NY 10601
(914) 948-8392

To:   ANTHONY BISIGNANO, Jr.
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

ANTHONY BISIGNANO, III
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

ANN MARIE BISIGNANO
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

KEITH BISIGNANO
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

TRISTA BISIGNANO
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

VICTORIA BISIGNANO
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

AMANDA BISIGNANO
Respondent
1112 Park Avenue
Mamaroneck, NY 10543

JOHN DOE and JANE DOE
Respondents
1112 Park Avenue
Mamaroneck, NY 10543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x     Index #

PNC BANK, N.A., successor in interest to
NATIONAL CITY BANK

                Petitioner,

      -against-

ANTHONY BISIGNANO, JR., ANTHONY
BISIGNANO, III, ANN MARIE BISIGNANO,
KEITH BISIGNANO, TRISTA BISIGNANO,
VICTORIA BISIGNANO, AMANDA BISIGNANO
and JOHN DOE and JANE DOE, the last two names
being fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in,
or lien upon the premises described in the petition.

              Respondents.
-----------------------------------------------------------------x

**VERIFIED
PETITION**

Petitioner, PNC BANK, N.A. successor in interest to NATIONAL CITY BANK, by

its attorney, Joel S. Stuttman, P.C., as and for its Verified Petition against the Respondents,

alleges as follows:

   1.     At all relevant times hereinafter mentioned, the Petitioner, PNC BANK,

N.A. successor in interest to NATIONAL CITY BANK was and is a national banking

association authorized to do business within the State of New York with an office for the

transaction of business located at One PNC Plaza, 249 Fifth Ave., Pittburgh PA 15222.

   2.     Upon information and belief, at all relevant times hereinafter mentioned, the

Respondents, ANTHONY BISIGNANO, JR., ANTHONY BISIGNANO, III, ANN MARIE

BISIGNANO, KEITH BISIGNANO, TRISTA BISIGNANO, VICTORIA BISIGNANO and

AMANDA BISIGNANO were and are individuals with a residence located at 1112 Park

Avenue, Mamaroneck, NY 10543.

3.      Defendants JOHN DOE and JANE DOE, the names of said individuals being fictitious, the parties intended being tenants or occupants of the Premises, if any, are named as defendants herein as having or claiming an interest in or lien upon the Premises subordinate to that of the Petitioner.

4.      On or about February 18, 2009, the premises known as 1112 Park Avenue, Mamaroneck, NY 10543 (the "Premises"), more fully described in "Exhibit A" annexed hereto, was conveyed to Petitioner's predecessor in interest, National City Bank, by Referee's Deed, following a mortgage foreclosure proceeding in Supreme Court of the State of New York, County of Westchester bearing Index No. 19511/2007.

5.      The Referee's Deed was duly recorded with the Westchester County Clerk on March 16, 2009. A copy of the recorded Referee's Deed is annexed hereto as "Exhibit B".

6.      On or about November 6, 2009, National City Bank merged with and into Plaintiff. As a result, Plaintiff became the holder of the Referee's Deed with all rights, title and interest thereto, including the ownership of the Premises. Evidence of the merger is annexed hereto as "Exhibit C"

7.      By virtue of the Referee's Deed, Petitioner is the legal owner of the Premises and is entitled to full possession thereof.

8.      Upon information and belief, the Respondents are the former owner(s) of the Premises and members of their family, occupying the Premises without a written lease and without the permission of the Petitioner.

9.      On March 7, 2012 a 10 day Notice to Quit Premises was served upon the Respondents ANN MARIE BISIGNANO, KEITH BISIGNANO, TRISTA BISIGNANO,

VICTORIA BISIGNANO, AMANDA BISIGNANO and JOHN DOE and JANE DOE in

accordance with NY Real Property Actions and Proceedings Law ("RPAPL") §713. A

copy of the Notice to Quit and Affidavits of Service are annexed hereto as "Exhibit D".

     10.    A Notice to Quit was also served upon "Anthony Bisignano" on March 7,

2012. After realizing that there were two individuals with that name residing at the

Premises, on May 19, 2012 an additional Notice to Quit Premises was served upon

ANTHONY BISIGNANO, JR. and ANTHONY BISIGNANO, III. A copy of the Notice to

Quit and Affidavits of Service are annexed hereto as "Exhibit E".

     11.    Being as more than 10 days have elapsed since the service of the Notice to

Quit and Respondents failure to quit the Premises, Pursuant to RPAPL Article 7, Petitioner

is entitled to a Judgment awarding petitioner possession of the Premises and a Warrant of

Eviction directing the sheriff to remove the Respondents from the Premises and putting

Petitioner in full possession thereof.

     12.    Petitioner is also entitled to the costs of this proceeding from Respondents.

     13.    Petitioner is also entitled the amount of the fair value of use and occupancy

of the Premises by the Respondents, such amount to be determined by the Court at inquest.

     14.    No defense to the Petitioner's claim is known to the Petitioner.

     15.    Annexed hereto as "Exhibit F" and "Exhibit G", respectively, is a proposed

Judgment and Warrant of Eviction.

     WHEREFORE, it is respectfully requested that the Court grant the Petitioner an

order pursuant to RPAPL Article 7 (1) granting Petitioner a Judgment awarding possession

of the Premises to the Petitioner and awarding Petitioner the Costs of this Proceeding, (2)

using a Warrant of Eviction directing the Sheriff to remove the Respondents from the subject

Premises and putting Petitioner in full possession thereof, and (3) granting Petitioner a

Judgment against Respondents for the fair use and occupancy of the Premises and setting the

matter down for inquest and for such other and further relief as to the court may seem just and

proper.

Dated:    White Plains, New York
          August 7, 2006

                              THE STUTTMAN LAW GROUP, P.C.

                    By:_____
                       Joel S. Stuttman, Esq.
                       Attorneys for Petitioner
                       44 South Broadway, Suite 402
                       White Plains, NY 10601
                       (914) 948-8392

# EXHIBIT B

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| Anthony Bisignano, Jr., Anthony Bisignano III, Ann Marie Bisignano, Keith Bisignano, et. al. | ) ) ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| PNC Bank, N.A., The Stutman Law Group, et. al. | ) ) ) |
| *Defendant* | ) |

**12 CV 8785**

Civil Action No.

*JUDGE BRICCETTI*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  PNC BANK, N.A.
One PNC Plaza
249 Fifth Avenue
Pittsburgh, PA 15222

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Anthony Bisignano, Jr., Pro Se
1112 Park Avenue
Mamaroneck, New York 10543

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ___DEC - 4 2012___

*Signature of Clerk or Deputy Clerk*